IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ADAM GRIFFEY,                       )
           Plaintiff,        ) Civil Action No. 07-1458
                                    )
  vs.                               ) Judge David Stewart cercone
                                    ) Magistrate Judge Amy Reynolds Hay
PENNSYLVANIA STATE POLICE,          )
           Defendant.        )

REPORT AND RECOMMENDATION

I.      Recommendation

       It is respectfully recommended that the above-captioned case be dismissed for failure to prosecute.

II.     Report

       The plaintiff, Adam Griffey, has presented a civil rights complaint against the Pennsylvania State Police alleging that they violated his Fourth Amendment rights when they arrested him during a search of someone else's residence as he was not the subject of their warrant and he had nothing illegal in his possession. Plaintiff submitted his complaint on October 26, 2007, without the requisite filing fee or a motion requesting that he be permitted to proceed *in forma pauperis*. Accordingly, on November 26, 2007, this Court issued an order directing plaintiff to submit either the filing fee or a proper motion to proceed *in forma pauperis* by December 10, 2007 (Doc. 2). Plaintiff failed to respond by that date and on December 20, 2007, the Court issued an Order directing plaintiff to show cause, returnable on January 4, 2008, why the case should not be dismissed for failure to prosecute (Doc. 3). To date, plaintiff has again failed to respond or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's orders which weigh heavily against him as responding to the orders was not only solely his personal responsibility but he has ignored two separate orders. Moreover, his continued failure to respond even four weeks later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice to defendant other than general delay since defendant has not yet been served with the complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendant may have meritorious defenses.

Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since plaintiff failed to submit the requisite filing fee with his complaint and is incarcerated, it does not appear that monetary sanctions are appropriate. Moreover, having failed to respond to two court orders, thereby impeding the progress of his case, it appears that plaintiff has no serious interest in pursuing this matter. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections by [ ] in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/ s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 11 January, 2008

cc: Adam Griffey
06869-068
USP Big Sandy
P.O. Box 2068
Inez, KY 41224